588

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT W. LEDERHILGER, Appellant.—

Christ, P. J., Martuscello, Latham and Kleinfeld, JJ., concur; Munder, J., dissents and votes to affirm the judgment, with the following memorandum: Defendant stands convicted · of murder in the first degree. The proof was overwhelming. He shot his divorced wife in the back with a shotgun in the presence of his two daughters. Both daughters, aged 15 and 13 at the time of the trial, testified to the shooting. They testified how the couple was fighting at the top of the stairs in their Long Island home, how the victim freed herself from defendant's grip and fled down the stairs, how defendant aimed the gun, squeezed the trigger and then walked past the fallen victim saying, "Remember, Mary, you did it to me." After the shooting, defendant drove to The Bronx and told his friend, Father William McManus, of the incident. The priest testified to this fact. At the priest's urging, defendant turned himself in to the police and, after being given the *Miranda* warning, voluntarily told the police of the shooting. His version of the shooting was identical to that given by the daughters. He identified the murder weapon. He told the police he dropped his eyeglasses in the yard as he ran from the house and that is where they were found. His ability to recall these details is significant because at the trial he claimed he was suffering from psychomotor epilepsy, and a person suffering from such a malady would have difficulty in recalling events which occurred during a seizure. Defendant called a psychiatrist to testify regarding his alleged epilepsy and, interestingly, this witness admitted that most of his diagnosis was based not on personal observation but on what others had told him concerning defendant. To rebut this, the People called Dr. Harold Zolan and the majority finds the admission of Dr. Zolan's testimony to be reversible error. In this context, I cannot agree. At the time Dr. Zolan examined defendant, the latter had neither been arraigned nor indicted. The doctor announced himself as a representative of the District Attorney and assured defendant he did not have to talk. More important, the doctor's testimony did not directly incriminate defendant as the perpetrator of the crime. If ever there was a case in which it could be said that certain tainted evidence did *not* contribute to a conviction, this is it (see *People* v. *Baker,* 26 N Y 2d 169, 174). The other evidence in this case of defendant's guilt is so overwhelming that any error ascribed to the admission of the doctor's testimony must be characterized as harmless (*Harrington* v. *California,* 395 U. S. 250; *People* v. *Pelow,* 24 N Y 2d 161).